UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Ligia E. Cordon Salazar,

                           Plaintiff,

         -against-

Wal-Mart Stores East, LP,

                         Defendant.
------------------------------------------------------------------X

7:22-CV-6991 (VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Plaintiff Ligia E. Cordon Salazar sues Defendant Wal-Mart Stores East, LP, seeking to recover for personal injuries she suffered when she slipped and fell at the Wal-Mart in Mohegan Lake, New York, on July 28, 2021. (ECF No. 1-1 (Compl.) at ¶¶ 5, 18). On October 6, 2022, the parties consented to jurisdiction before a magistrate judge for all purposes, pursuant to 28 U.S.C. § 636(c). (ECF No. 15 (Consent)). Wal-Mart now moves for summary judgment. (ECF No. 35 (Mot.)). For the reasons below, the motion is **GRANTED**.

## I.    BACKGROUND

### A. Procedural History

      On April 28, 2022, Salazar filed this action in New York State Supreme Court, Westchester County. (ECF No. 1-1).[1] On August 16, 2022, Wal-Mart removed the action to this Court on diversity grounds, under 28 U.S.C. § 1332(a).[2] (ECF No. 1 (Notice of Removal)). On December 6, 2023, Wal-Mart moved for summary judgment (ECF No. 35), which Salazar opposed (ECF No. 39 (Opp.)).

---

[1] All page numbers refer to ECF pagination.
[2] Wal-Mart is a Delaware limited partnership with its principal place of business in Arkansas. (ECF No. 1 at 2). Salazar is domiciled in New York. (*Id.* at 3). The amount in controversy exceeds $75,000. (*Id.*; *see* ECF No. 1-3 at 2 (demanding $5 million)).

1

B. **Factual Background**[3]

On July 28, 2021, Salazar shopped at the Wal-Mart in Mohegan Lake, New York. (ECF No. 36 at ¶¶ 1–2). After Salazar completed her purchase, she walked towards the store's exit and slipped and fell near the store's ice machine. (*Id.* at ¶ 2). At her deposition, she attributed her fall to "spilled water" on the floor. (*Id.* at ¶ 3). But she did not see the water before her fall. (*Id.* at ¶ 4). Nor did she know how the water came to be on the floor, how long it was there, or how much water there was. (*Id.* at ¶¶ 5–7).

Curt Taylor, an assistant store manager, testified that Wal-Mart employees are trained to "always look for water or debris on the store's floor." (*Id.* at ¶ 8). If an employee observes a large spill, the employee is expected to guard the spill and call maintenance to clean it up. (*Id.* at ¶ 9). And if there is a small spill, the employee is expected to ask someone to get paper towels and then clean it up himself. (*Id.*). Taylor knew of no issues with the ice machine that resulted in water on the floor. (*Id.* at ¶ 10). And he had "no recollection of observing water on the floor near the ice machine at any time before July 28, 2021." (*Id.* at ¶ 11).

---

[3] The following facts are drawn from each of the parties' Rule 56.1 Statements of Material Facts (ECF Nos. 36, 39-4), and are undisputed unless otherwise stated. Local Civil Rule 56.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). Under Local Civil Rule 56.1(c), each numbered paragraph in the Rule 56.1 statement "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Nevertheless, "[b]efore summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. FedEx*, 766 F.3d 189, 194 (2d Cir. 2014).
Here, Salazar did not controvert or dispute any of the material facts in Wal-Mart's Rule 56.1 statement. (*See* ECF No. 39-4). And the Court has independently reviewed the record to confirm that no factual dispute exists with respect to these uncontroverted facts. Thus, under Local Civil Rule 56.1(c), all the material facts listed in Wal-Mart's Rule 56.1 statement (ECF No. 36) are deemed admitted. *See, e.g.*, *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015) (Summary Order) (holding that a district court did not abuse its discretion by deeming all facts admitted in a moving party's Rule 56.1 statement, where the nonmoving party failed to submit a Rule 56.1 counterstatement).

Wal-Mart submitted two versions of the store's surveillance video of Salazar's fall. (*Id.* at ¶ 14; *see* Ex. F).[4] The first version is a 1 hour and 16-minute video that provides a 360-degree view of the store's checkout area (the "360-degree video"). (Ex. F). The second version is a 16-minute excerpt of the 360-degree video, that has been enhanced to provide a closer view of Salazar's fall (the "enhanced video"). (*Id.*). The enhanced video starts at timestamp 52:50 of the 360-degree video, and Salazar slips and falls at timestamp 1:01:22 of the 360-degree video. (*Id.*).

As described in Wal-Mart's Rule 56.1 statement, the enhanced video begins with a man taking bags of ice out of the ice machine and loading them into a shopping cart. (ECF No. 36 at ¶ 15). At 2:34 elapsed time (in minutes), the man leaves the scene. (*Id.*). Over the next four minutes, several people pass the ice machine without issue. (*Id.* at ¶¶ 16–24). Taylor walks past the ice machine three times, and at one point, he adjusts the runner on the floor in front of the ice machine. (*Id.* at ¶¶ 29–30). Between 4:07 and 5:30 elapsed time (in minutes), a Wal-Mart employee in a red shirt is seen standing near the ice machine. (ECF No. 39-4 at ¶ 1).[5] At 8:32 elapsed time (in minutes), Salazar is seen falling. (ECF No. 36 at ¶ 27).

In an affidavit, whose facts were undisputed by Salazar, Taylor attested that he is the person seen in the "pinkish colored shirt" in the video. (*Id.* at ¶ 28). When he straightened the runner in front of the ice machine and when he walked past the ice machine at 7:25 and 8:19 elapsed time (in minutes), he did not see any substance on the floor. (*Id.* at ¶¶ 29–30). Before Salazar's fall, no one complained to Taylor about "something being on the floor." (*Id.* at ¶ 31).

---

[4] Exhibit F refers to the two versions of the store's surveillance video, which were provided to Chambers, and do not appear on the docket. Citations to the videos refer to the timestamps on the video player (which start at 00:00) and not the timestamp on the bottom righthand corner that contains the date and real time.
[5] This is the only material fact Salazar adds in her Rule 56.1 Counterstatement of Material Facts. (ECF No. 39-4).

Finally, Taylor was unaware of any Wal-Mart employee who had "caused something to be on the floor in this area prior to [Salazar's] slip and fall." (*Id.* at ¶ 32).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material under Rule 56 where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[6] A dispute about a material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*[7] In determining whether the moving party has met its burden of proving that there are no genuine disputes of material fact, the Court must resolve all ambiguities and draw all factual inferences for the party opposing the motion. *See Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).[8]

"When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration and internal quotation marks omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253,

---

[6] *See also Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, 82 F.4th 161, 170 (2d Cir. 2023).
[7] *See also Red Tree Invs.*, 82 F.4th at 170.
[8] *See also Wiggins v. Griffin*, 86 F.4th 987, 995 (2d Cir. 2023) (per curiam).

258 (2d Cir. 1996).  Yet summary judgment must be denied if the Court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  Summary judgment is also appropriate when the movant submits undisputed evidence "that negates an essential element of the non-moving party's claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017).

### III.   DISCUSSION

Under New York tort law, a plaintiff seeking to prove a defendant's negligence must show: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981); *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).  Here, defendant's duty is the "common-law responsibility to show due care to customers by maintaining its premises in a reasonably safe condition." *Borley*, 22 F.4th at 78 (alteration and internal quotation marks omitted).[9]

To establish breach in a premises liability and slip-and-fall case, a "plaintiff must demonstrate that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (Summary Order) (alteration and internal quotation marks omitted); *see also Demelio v. Wal-Mart Stores E., LP*, No. No. 21-cv-1900, 2023 WL 2480192, at *3 (S.D.N.Y. Mar. 13, 2023) ("[P]laintiff must show that there was a dangerous or defective condition that caused the

---

[9] "Under New York common law, a landowner has a duty to maintain his or her premises in a reasonably safe condition." *Khanimov v. McDonald's Corp.*, 121 A.D.3d 1050, 1051 (2d Dep't 2014) (internal quotation marks omitted).

accident, and that the defendant either created the defective condition, or had actual or constructive notice thereof.").

Here, Wal-Mart concedes that there was a substance on the floor. (*See* ECF No. 37 (Mem.) at 7 ("Where, as here, there is evidence of a substance on a floor . . . .")). But, as Wal-Mart argues (*id.*), under New York law, "[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Segretti v. Shorenstein Co., E., L.P.*, 256 A.D.2d 234, 234 (1st Dep't 1998). Rather, to establish breach, Salazar must also show that Wal-Mart created, or had actual or constructive notice of, the dangerous condition. *Tenay*, 281 F. App'x. at 13. Because Salazar does not argue that Wal-Mart either created or had actual notice of the dangerous condition (*See generally* ECF No. 39), the only issue is whether Wal-Mart had constructive notice of it. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Rodriguez v. Wal-Mart Stores E., LP*, No. 16-cv-2603, 2017 WL 4045745, at *4 (S.D.N.Y. Sept. 11, 2017) (quoting *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986) (Mem.)). "Constructive notice can be proven through circumstantial evidence, such as the circumstances surrounding the injury and the condition of the premises." *Castellanos v. Target Dep't Stores, Inc.*, No. 12-cv-2775, 2013 WL 4017166, at *5 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted).[10]

Wal-Mart argues that Salazar's claim fails as a matter of law because she cannot demonstrate that Wal-Mart had constructive notice of the water on the floor before her fall.

---

[10] *See also Buckstine v. Schor*, 213 A.D.3d 730, 731 (2d Dep't 2023) ("A plaintiff's inability to testify as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence, but the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation.") (alteration, citation, and internal quotation marks omitted).

(ECF No. 37 at 8–9). More specifically, because both Salazar and Taylor did not see the liquid on the floor before Salazar's fall, Wal-Mart argues that Salazar cannot establish that the liquid was visible and apparent. (*Id.* at 9). As Wal-Mart argues, the undisputed evidence shows that Salazar did not see the water on the floor before her fall. (ECF No. 36 at ¶ 4). And Taylor, who walked past the ice machine about a minute before Salazar fell, also did not observe any liquid or other substance on the floor. (*Id.* at ¶ 30). Further, at least eleven people walked past the ice machine before Salazar fell without issue. (*Id.* at ¶¶ 15–26; Ex. F). Thus, according to Wal-Mart, Plaintiff has not established that Wal-Mart breached a duty to Salazar based on their purported constructive notice of the defect and failure to remedy it.

In response, Salazar argues that the water was visible and apparent because it could be seen by looking at the photographs taken right after the accident. (ECF Nos. 39 at 5; 39-2 at 1; 39-3 at 1–2). She contends that because Taylor is seen, in the enhanced video, "taking a large step to step over the liquid . . . [and] is seen pointing out the water to another employee," that means the water on the floor was visible and apparent. (ECF No. 39 at 4–5). But "[o]bservations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident." *Melanson-Olimpio v. Wal-Mart Stores E., LP*, No. 16-cv-8735, 2019 WL 1060625, at *5 (S.D.N.Y. Mar. 6, 2019); *see, e.g.*, *Lyman v. PetSmart, Inc.*, No. 16-cv-4627, 2018 WL 4538908, at *7 (S.D.N.Y. Sept. 21, 2018) (granting summary judgment where plaintiff testified that she did not see the condition until after she slipped and did not offer evidence that anyone else saw the condition before the fall); *Decker v. Middletown Walmart Supercenter Store*, No. 15-cv-2886, 2017 WL 568761, at *7 (S.D.N.Y. Feb. 10, 2017) (granting summary judgment where video footage did not show the condition on the ground, video footage showed people walking through the area where plaintiff slipped without noticing the condition,

7

and both plaintiff and her sister did not see the condition until after the fall). Here, Salazar has offered no evidence that the water was visible and apparent before her fall. Because Wal-Mart has shown the absence of evidence that the water was visible before Salazar's fall, summary judgment is appropriate. *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) ("[T]he movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.").

Summary judgment is also warranted because Salazar has not offered evidence about how long the water was on the floor before her fall. As noted above, to prove constructive notice, a defect must exist for a sufficient length of time before the accident to permit defendant's employees to discover and remedy it. *Rodriguez*, 2017 WL 4045745, at *4. In fact, Salazar testified that she did not know how long the water was on the floor before her fall. (ECF No. 36 at ¶ 6). And as pointed out by Wal-Mart, the video does not show how the water ended up on the floor or for how long it was there. (ECF No. 37 at 9). But even if the Court assumes that the water leaked onto the floor because of the man (seen in the beginning of the enhanced video) who was loading his shopping cart with bags of ice, that water would have been there for only about five or six minutes before Salazar slipped. (ECF No. 37 at 9). New York case law varies widely on how long a defect must exist before defendant's employees should have noticed it. *See Cuello v. Target Corp.*, No. 22-cv-2013, 2023 WL 4763234, at *5 (S.D.N.Y. July 26, 2023). Courts have found as little as five minutes sufficient, while others have found 50 minutes insufficient. *See id.* "These decisions presumably reflect . . . the varying circumstances from which such claims have arisen." *Id.*

For example, in *Deluna Cole v. Tonali, Inc.*, 303 A.D.2d 186, 186–87 (1st Dep't 2003), the First Department held that the time between five and eight minutes was sufficient for

restaurant staff to find and clean up broken glass. In that case, the restaurant's motion for summary judgment was denied because the restaurant passageway where the plaintiff had slipped and fallen was a "center of activity for restaurant staff." *Id.* at 187. This permitted an inference that the restaurant employees had created the dangerous condition and had failed to clean it up, or that if a guest had broken a glass, the employees had sufficient time to discover and remedy it. *Id.* But here, Salazar does not argue that the area near the ice machine was a center of activity for Wal-Mart employees, nor does she provide any other evidence that can raise a triable issue of material fact about that issue. Unlike *Deluna Cole*, no facts suggest that Wal-Mart created the dangerous condition. And even if the man loading the ice caused the spill, only five or six minutes elapsed between when he allegedly caused the spill and Salazar's fall. (ECF No. 36 at ¶¶ 15, 27; Ex. F). Absent some evidence that this area was a "center of activity" for Wal-Mart employees, there is no basis to infer that Wal-Mart employees had sufficient time to discover the water and clean it up in that limited time.

But even if the Court were to assume that Salazar's accident happened at Wal-Mart's center of activity, there must be additional facts supporting constructive notice. For example, in *Figueroa v. Pathmark Stores, Inc.*, No. 02-cv-4992, 2004 WL 74261, at *4 (S.D.N.Y. Jan. 15, 2004), the Court denied Pathmark's motion for summary judgment where the plaintiff had slipped on a long trail of sticky, pink liquid in the checkout area. There, the plaintiff did not see the liquid before her fall and did not know how long it had been there. *Id.* But her friend had seen the long trail of pink liquid from the front of the store to the checkout area with shopping cart tracks and footprints through it. *Id.* She also saw that the liquid was sticky and had muddied from the cart tracks and footprints. *Id.* These observations, coupled with the highly-trafficked and constantly-staffed checkout area, meant that "a jury could properly infer that it

9

should not have taken long for [Pathmark's] employees to discover it." *Id.* But here, Salazar does not offer any facts revealing that someone else had seen the spilled water on the floor before her fall. And there is no evidence akin to muddied shopping cart tracks or footprints in the water that would support an inference that it should not have taken long for Wal-Mart employees to discover the water and clean it up. (*See* ECF Nos. 36, 39).

Relying on *Cuello*, 2023 WL 4763234, at *1, Salazar argues that "a reasonable jury viewing the full video could find that . . . the liquid could have been on the floor before the video starts and remained for at least one hour, one minute and twenty-two seconds." (ECF No. 39 at 5). The Court understands Salazar to be referring to the 360-degree video. (*See* Ex. F). But to overcome summary judgment, a plaintiff "is required to provide some basis for an inference that the spill was there long enough to blame [d]efendant for the accident." *Reyna v. Target Corp.*, No. 20-cv-1233, 2024 WL 1443258, at *6 (S.D.N.Y. Apr. 3, 2024) (alteration omitted) ("[W]ithout evidence as to the duration of time the liquid had been on the floor, Plaintiff cannot present evidence of constructive notice."). For example, in *Cuello*, the plaintiff was shopping at Target when she reached above her head to get a two-foot-tall wicker basket that was sitting on the top shelf. *Cuello*, 2023 WL 4763234, at *1. A heavy tray that had been on top of the wicker basket fell and hit plaintiff in the face. *Id.* The hazard—the tray in its precarious position—was visible in Target surveillance video footage, *id.* at *7, and plaintiff noticed the hazard before the accident, *id*. at *1. The court concluded that based on a distant and grainy video, a reasonable jury watching the video could reach two alternative conclusions. *Id.* at *6–7. First, a jury could have concluded that the tray was placed atop the basket before the video had started and had remained in place for 38 minutes until it had fallen on Cuello. *Id.* at *6. Alternatively, the jury could have found that the tray had been placed there during the video because the video depicted

four people near the accident within the 13 minutes before the tray had fallen. *Id.* at *7. Thus, *Cuello* had a genuine issue of material fact as to constructive notice. But here, Salazar offers no evidence, circumstantial or otherwise, from which to infer that someone other than the man loading the ice bags had caused the spill or that the spill had occurred before the start of the video. (*See generally* ECF. No. 39).

Because Salazar has not offered sufficient evidence that Wal-Mart had constructive notice of the water on the floor before her fall, Salazar has failed to raise a triable question of material fact about Wal-Mart's breach of any duty to her.

## IV. CONCLUSION

For the reasons stated above, Wal-Mart's Motion for Summary Judgment (ECF No. 35) is **GRANTED**. The Clerk of Court is respectfully directed to terminate the pending Motion at ECF No. 35, enter judgment for Wal-Mart, and to close the case.

**SO ORDERED.**

DATED:   White Plains, New York
         May 6, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge